IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUDE SANDT, | : | No. 4:CV 04-2746 |
| | : | |
| Plaintiff, | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHN LUKE | : | |
| Defendant | : | |

## MEMORANDUM

July 2, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is Plaintiff's Petition to Enter Judgment by Default Against Defendant Robert John Luke Pursuant to Rule 37 (doc. 16) filed on May 3, 2007.

## PROCEDURAL HISTORY/FACTUAL BACKGROUND:

The instant action arises out of injuries sustained by Plaintiff Judge Sandt ("Plaintiff") on or abut July 29, 2001. Plaintiff was outside the Phi Kappa Psi fraternity house in State College, Pennsylvania, when he was assaulted and thrown through a class window by Defendants Robert John Luke ("Luke") and Thurgood

Delano Cosby ("Cosby").[1] As a result of this incident, Plaintiff sustained serious injuries including multiple extensor tendon lacerations to both of his wrists, which resulted in permanent functional deficits and extensive scarring.

Plaintiff, represented by Edward P. Shaughnessy, Esq., commenced this action by filing a complaint (doc. 1) on December 20, 2004. On April 10, 2006, Heather M. Eichenbaum, Esq., attorney for Defendant Luke, filed a Motion to Withdraw as Counsel (doc. 8), citing, *inter alia*, Luke's failure to pay counsel's fees. After giving Luke ten days to object to Attorney Eichenbaum's motion, which he utterly failed to do, we granted Attorney Eichenbaum's request on April 26, 2007.

Thereafter, on May 3, 2007, Plaintiff filed the instant Motion with supporting brief. On May 4, 2007, we entered an Order scheduling a hearing on the pending Motion. (Rec. Doc. 18). We further ordered Defendant Luke to appear at the hearing. On May 29, 2007, the hearing was held. Defendant Luke failed to appear, nor did he contact the Court or Attorney Shaughnessy to advise that he would not attend or request a continuance.

Therefore, the pending Motion is ripe for our review.

---

[1] On November 20, 2006, Defendant Cosby was dismissed pursuant to Fed. R. Civ. P. 4(m) as a party to this action because he was never served.

**DISCUSSION**:

Although styled as a motion for default, Plaintiff's motion essentially seeks sanctions. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court may enter a default judgment against a party who fails to appear for a deposition after being served with proper notice. The United States Court of Appeals for the Third Circuit has instructed that in deciding whether to impose a default, the district court must consider:

(1) the extent of the party's personal responsibility

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery

(3) a history of dilatoriness

(4) whether the conduct of the party or the attorney was willful or in bad faith

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions

(6) the meritoriousness of the claim or defense

Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

Plaintiff alleges that Defendant Luke has failed to appear at a properly noticed deposition on three separate occasions. Moreover, during the May 29,

2007 hearing, Attorney Shaughnessy agreed to attempt to depose Defendant Luke one last time prior to the Court's disposition of the pending Motion. By letter dated June 27, 2006, Attorney Shaughnessy advised the Court that Defendant Luke was rescheduled for deposition on June 22, 2007 at 10:00 a.m. and he again failed to appear. (Rec. Doc. 23).

Defendant Luke is now proceeding in a *pro se* capacity, therefore his failure to appear at <u>four</u> noticed depositions and the May 29, 2007 hearing before this Court is personally attributable to him alone and can properly be inferred to be willful. Plaintiff, who is essentially rendered unable to pursue this action without the deposition of Luke, is greatly prejudiced by Luke's failures to appear. Moreover, Luke has a history of dilatoriness, beginning with his failure to pay his attorney's fees, resulting in the withdrawal of his counsel in this matter and including his failure to appear at the depositions and the May 29, 2007 hearing. Finally, we cannot think of any other functional sanction besides the entry of a default judgment against Luke, who has clearly defied this Court's order to attend a hearing without any notice given to the Court.

### **CONCLUSION:**

On a balancing of the <u>Poulis</u> factors, we find it entirely appropriate to enter a default judgment against Defendant Luke in this matter. An appropriate Order shall issue.